**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**J&R PASSMORE, LLC, et al.,**

        **Plaintiffs,**

     **v.**                              **Civil Action 2:18-cv-1587
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

**RICE DRILLING D, LLC, et al.,**

        **Defendants.**

**<u>OPINION AND ORDER</u>**

After the parties informed the Court of discovery disputes on October 6, 2021, the Court directed the parties to submit short position papers. The parties complied (Docs. 348, 349) and the disputes are now ripe for resolution.

**I.      BACKGROUND**

The October 15, 2021 discovery deadline is imminent, and depositions are ongoing. The parties' dispute is two-fold. First, during the deposition of J&R Passmore's corporate representative, Sherrie Passmore, she disclosed that she had used meeting minutes and emails to prepare for her deposition that had not been produced in discovery. Defendants requested the materials, and Plaintiffs produced the documents but with redactions, claiming attorney-client privilege. Defendants now urge that Plaintiffs should be required under Federal Rule of Evidence 612 to produce unredacted versions.

Second, during depositions of Defendants' witnesses, Plaintiffs used unproduced documents from the files of Craig Wilson, Plaintiffs' counsel. Defendants therefore issued a subpoena to Mr. Wilson, commanding production of non-privileged documents and communications. Plaintiffs suggest that the subpoena is inappropriate under the test outlined in

*Shelton v. American Motors Corporation*, 805 F.2d 1323 (8th Cir. 1986), which has been adopted in this Circuit. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton*, 805 F.2d at 1327).

## II.    STANDARD OF REVIEW

Rule 612 of the Federal Rules of Evidence governs the first matter.  It "allows a witness to refresh his recollection as to the contents of a document if he is unable to recall them while [testifying]." *U.S. v. Holden*, 557 F.3d 698, 703 (6th Cir. 2009).  Pertinent here, it also permits a court to require the production of a writing used to refresh a witness's memory if justice so requires.  Fed. R. Evid. 612.  Importantly, Rule 612 applies to deposition testimony.  Fed. R. Civ. P. 30(c)(1); *Arrowood Indem. Co. v. The Lubrizol Corp.*, No. 1:10 CV 2871, 2015 WL 12734892, at *2 (N.D. Ohio Mar. 31, 2015).

In the second matter, Plaintiffs argue, in essence, that Craig Wilson is entitled to a protective order from the subpoena under *Shelton*.  To start, lawyers are not immune from subpoena or deposition.  *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). While a party may move, under Rule 26(c)(1), for a protective order limiting or preventing a lawyer's subpoena or deposition, it is rare for a court to prohibit discovery in its entirety:

> In general, motions for protective orders seeking to prevent the taking of a deposition [are] regarded unfavorably by the courts.  Such orders should be rarely granted absent extraordinary circumstances, therefore the moving party bears a heavy burden.

*Ogle v. Columbia Gas Transmission, LLC*, No. 2:10-CV-1059, 2014 WL 6814145, at *6 (S.D. Ohio Dec. 3, 2014) (quotation marks and citation omitted).

That being said, the practice of subpoenaing or deposing opposing counsel has the potential to disrupt litigation, undermine the attorney-client relationship, and lead to the improper disclosure of the attorney's litigation strategy.  *See Shelton*, 805 F.2d at 1327; *see also Pamida, Inc. v. E.S.*

*Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (describing *Shelton* rationale).  So, the court may, in some circumstances, shift the burden to the party seeking discovery from counsel and require it to show three things: (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (citing *Shelton*, 805 F.2d at 1327 (the "*Shelton* test")).

Relevant here, courts do not automatically apply the *Shelton* test each time a party seeks discovery from a lawyer.  To the contrary, "the Federal Rules of Civil Procedure create no special presumptions or exceptions for lawyers, or anyone else[.]" *United States v. Philip Morris Inc.*, 209 F.R.D. 13, 19 (D.D.C. 2002)  This is because "the Federal Rules presume openness in discovery[.]" *Id.*  To allow otherwise, "the presumption of discoverability in the Federal Rules would be turned upside down," and it would allow a party "to immunize themselves from discovery on key issues, by knowingly and strategically placing persons who happen to be attorneys in positions where they perform critical [functions]." *Id.*

This means that when a party seeks to subpoena a lawyer for documents unrelated to pending litigation strategy, the court may decline to apply *Shelton*.  "The *Shelton* test was intend[ed] to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy." *Pamida*, 281 F.3d at 730.  It "was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial." *Id.* Thus, *Pamida* has been understood to clarify "that the three *Shelton* criteria apply to limit deposition questions of attorneys in only two instances: (1) when trial and/or litigation counsel are

3

being deposed, and (2) when such questioning would expose litigation strategy in the pending case." *Philip Morris*, 209 F.R.D. at 17.

If a court concludes that *Shelton* does not apply, it simply applies Rule 26(c)(1) of the Federal Rules of Civil Procedure, governing protective orders. Under that Rule, the movant must show good cause, and the court may enter a protective order if the discovery would result in annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1). *See, e.g.*, *Ogle*, 2014 WL 6814145 (finding that "there was no basis for applying *Shelton*" to deposition of former in-house counsel, and therefore "the question then becomes whether the defendants have advanced other persuasive reasons in support of their position that [counsel] should not be deposed.").

## III.    DISCUSSION

### A.   Rule 612 and Waiver

Defendants' argument is straightforward. They say that Rule 612(a)(1) entitles them to full view of the documents upon which Ms. Passmore relied to prepare for her deposition. (Doc. 349 at 1). Up front, the Court notes that Rule 612 is an evidentiary and not a discovery rule. *Antero Res. Corp. v. Tejas Tubular Prods*., Inc., 516 F. Supp. 3d 752, 753 (S.D. Ohio 2021). So, when confronted with such questions, courts consider whether the witness used the documents at issue for a "testimonial" purpose. *Id*. A witness uses documents for a testimonial purpose when she: "(1) use[s] [the document] to refresh h[er] memory; (2) for the purpose of testifying . . . " *K & S Assocs., Inc. v. Am. Ass'n of Physicists in Med*., No. 3:09-1108, 2012 WL 4364087, at *3 (M.D. Tenn. Sept. 21, 2012) (citing *Nutramax Lab., Inc*., 183 F.R.D. at 468, 473) (finding that documents were used for a "testimonial purpose" where the witness's review of them "unavoidably enhanced his recollection of events"); see also *Arrowood Indem. Co*., 2015 WL 12734892, at *2 (citing *Nutramax Lab*., Inc., 183 F.R.D. at 468).

Here, a review of the deposition transcript shows that Ms. Passmore used the meeting minutes and emails to refresh her memory.  She testified that she looked at "dozens" of meeting minutes and emails before her deposition and, importantly, that review of those materials refreshed her recollection.  (Doc. 349-4 at 9).  The deposition transcript further demonstrates that Ms. Passmore used the documents for the purpose of testifying:

> Q: And then there was a second meeting between you and others from Passmore in Canonsburg, right?
>
> A: Go back. In preparing -- I don't know how you phrased your question, but in preparing for the deposition, I recalled that Larry Cain was also there.

(*Id.* at 164).  Under these circumstances, Rule 612 is triggered.

Despite the force of Rule 612, Plaintiffs contend the work-product doctrine protects the redacted portions of the meeting minutes and emails they produced.  (Doc. 348 at 2).  Yet, if a witness uses documents for a testimonial purpose—as Ms. Passmore did here—any claim of work-product protection over those documents is waived.  *See Nutramax Lab., Inc*., 183 F.R.D. at 468. Indeed, "[i]t has been recognized that if a witness uses a document to refresh recollection, the existence of a privilege will not protect against the disclosure required under Federal Rule of Evidence 612." *Beattie v. CenturyTel, Inc.*, No. 02-10277, 2009 WL 4646116, at *4–6 (E.D. Mich. Dec. 7, 2009) (citing *Ehrlich v. Howe*, 848 F. Supp. 482, 493 (S.D.N.Y. 1994) (noting that "when confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection provided by the attorney-client privilege . . . the weight of authority holds that the privilege . . . is waived"); *see also* 28 Wright, Miller & Marcus, Federal Practice and Procedure § 6188 (2d ed.1994) ("Certainly a waiver should be found where disclosure of the writing's contents in fact occurs during the witness's testimony.").  At base, the work-product

5

doctrine has been waived, and Defendants are entitled to full disclosure of the relevant documents on which Ms. Passmore relied.

One final point. Plaintiff designated Ms. Passmore as their corporate representative to testify on critical issues in this case. She could not adequately do so without reviewing the meeting minutes and emails, among other resources. For this additional reason, it is important that Defendants see the materials, and a contrary ruling would be unfair and prejudicial. *See, e.g., Cox v. Franklin Cty. Bd. of Comm'r*, No. 2:18-cv-1631, 2019 WL 6711388, at *4 (S.D. Ohio Dec. 10, 2019) (internal citations omitted) (ordering production where the witness could not fully explain relevant facts without the refreshing documents); *Life Care Ctrs. of Am.*, 2015 WL 10987030, at *4 (citing *Nutramax Lab., Inc.*, 183 F.R.D. at 469) (finding that "it would be unfair to permit the Government to designate a Rule 30(b)(6) witness and use certain documents to prepare him, while at the same time have the witness be effectively exempt from Rule 612 due to his lack of personal knowledge"); *Vita-Mix Corp. v. Basic Holdings, Inc*., No. 1:06-CV-2622, 2008 WL 495781, at *4 (N.D. Ohio Feb. 22, 2008) (quoting *Nutramax Lab., Inc*., 183 F.R.D. at 469) ("'[T]here is a greater need to know what materials were reviewed by expert and designee [i.e., 30(b)(6) witnesses in preparation for deposition since the substance of their testimony may be based on sources beyond personal knowledge.'"); *Nutramax Lab., Inc*., 183 F.R.D. at 473 (noting that a 30(b)(6) witness's "testimony as a designee required him to provide information based on information reasonably available to Plaintiff").

In sum, Rule 612 requires production of the unredacted documents that informed Ms. Passmore's testimony.

**B. *Shelton* and Rule 26(c)(1)**

In short, Plaintiffs say because Craig Wilson is Plaintiffs' counsel, *Shelton* should apply, and Defendants cannot meet the burden of the *Shelton* test.  Defendants argue that, as a threshold matter, *Shelton* should not apply to the subpoena.  The Court agrees with Defendants.

According to their briefing, Defendants' aim is not to pry into pending litigation strategy. Rather, they represent that their interest is in probing Mr. Wilson's involvement in the underlying subject matter of the litigation, well before the present action was initiated.  (Doc. 349 at 3). Regarding documents and communications between Mr. Wilson and Plaintiffs, Defendants seek production of materials prior to January 1, 2015.  (Doc. 344-1 at 5).  The present action was not instituted until December 6, 2018.  (Doc. 1).  Where they seek more recent documents and communications, they involve third parties not joined to the present action.  (Doc. 344-1 at 5). Other documentation sought concerning drafting of leases involves transactional work done by Mr. Wilson, not pending litigation strategy.  (*Id.*).  Significantly, Defendants seek only non-privileged material, and expect that Plaintiffs will log all documents withheld on the basis of attorney-client privilege or work-product doctrine.  (*Id.*; *see also* Doc. 349 at 4).  Simply put, the purpose of the subpoena is not to "expose litigation strategy in the pending case[,]" and thus the Court need not apply the *Shelton* test.  *Philip Morris*, 209 F.R.D. at 17.

Instead, the relevant consideration is whether Plaintiffs have demonstrated good cause for a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure.  They have not. Notably, it was Plaintiffs who put Mr. Wilson's file at issue by using unproduced documents from the file during depositions of Defendants' witnesses.  (Doc. 349 at 3–4 (citing Doc. 349-7 at 76–77)).  Because Plaintiffs chose to support their questioning with unproduced documents from Mr. Wilson's file, it would be improper for the Court to issue a protective order preventing production

of that file to Defendants.  Therefore, Mr. Wilson must comply with the subpoena and produce the requested documents.

This production is, of course, subject to claims of privilege.  Plaintiffs may complete and produce a privilege log while they provide the non-privileged material to Defendants.  As they do so, they should contemplate their burden for establishing privilege as to each withheld document and provide specific, detailed bases for claiming privilege, not mere conclusory statements.  *See McNeil v. Mount Carmel Health System*, 2:20-cv-258, 2021 WL 422689, at *2–3 (Feb. 8, 2021) (discussing the work-product standard and privilege logs).  Upon review of the privilege log, Defendants may raise any concerns with Plaintiffs, and the Court expects the parties to confer meaningfully regarding any dispute.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs are **ORDERED** to produce the unredacted materials Ms. Passmore used to prepare for her deposition by October 18, 2021.  Plaintiffs' counsel, Craig Wilson, must comply with the subpoena served upon him by October 22, 2021.  Further, deadlines are **AMENDED** as follows: Fact/Class discovery due by November 14, 2021; Class Certification Motion due by December 1, 2021; Response due by January 13, 2022; Reply due by February 13, 2022.  Finally, the Court notes that while it has been preparing a ruling on these disputes, the parties have continued to raise additional discovery concerns.  The parties are reminded that, pursuant to Local Rule 37.1, they are required to meaningful confer about disputes and "exhaust among themselves all extrajudicial means for resolving their differences."

IT IS SO ORDERED.

Date:  October 15, 2021                         /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE