IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J&R PASSMORE, LLC, et al.,

    Plaintiffs,

    v.

RICE DRILLING D, LLC, et al.,

    Defendants.

Case No. 2:18-cv-1587
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Defendant Rice Drilling D, LLC's Motion for Leave to File Documents Under Seal. (Doc. 386). Plaintiffs oppose sealing all documents at issue. (Doc. 393 at 1). For the following reasons, the Motion is **GRANTED**.

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. DISCUSSION

Defendant moves to seal four individual documents termed "Geosteering Updates." (Doc. 386 at 1–2). Defendant argues that "[t]hese documents contain trade secrets which, if disclosed to

2

the general public, would seriously injure Rice." (*Id.*). Additionally, Defendant seeks to file a redacted version of the "Lease Exchange Agreement" executed with Ascent Resources-Utica, LLC. (*Id.* at 2). In particular, Defendant seeks to redact the price terms in the Lease, which Defendant's "competitors could use . . . to undercut [Defendant] and gain a competitive []advantage." (Doc. 394 at 3). Plaintiffs oppose sealing the Geosteering Updates and redacting the Lease Exchange Agreement, arguing that Defendant has not met its burden as to either. (*E.g.*, Doc. 393 at 4–5).

### 1. Geosteering Updates

Defendant seeks to seal four Geosteering Updates in their entirety: RICE_0159975-76 (Exhibit 50), RICE_0159979-80 (Exhibit 51), RICE_0159934-35 (Exhibit 52), and RICE_0159975-76 (Exhibit 53). These documents contain technical data regarding Defendant's directional drilling operations—inside knowledge of Defendant's business "developed through many years of application and refinement." (Doc. 386 at 2). Accordingly, Defendant argues that these documents contain "[t]extbook" trade secrets that meet the burden for sealing. (Doc. 394 at 2).

To overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate the three elements laid out in *Shane Group*: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637. Trade secrets are a "recognized exception to the right of public access to judicial records." *Brown & Williamson*, 710 F.2d at 1180. With respect to the *Shane Group* analysis, the existence of a trade secret will generally satisfy the first "compelling interest" element. *Kondash*, 767 F. App'x at 638.

3

A trade secret is information from which the holder "derives independent economic value . . . from [its] not being generally known to . . . others" and which "is the subject of efforts . . . to maintain its secrecy." *Handel's Enters., Inc. v. Schulenberg*, 765 F. App'x 117, 122 (6th Cir. 2019). Ohio has formulated a list of six non-dispositive factors to help determine the existence of a trade secret:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Id.*

The Geosteering Updates and the technical data they contain meet this definition. Defendant derives an economic benefit from its proprietary technical data and does not share this information with others outside its business. (Doc. 394 at 2). The data took years to develop at great expense to Defendant, and a competitor could not easily reproduce it without expending a similar amount of time and money. (*Id.*). Because it would like to preserve this economic benefit, Defendant has "a compelling interest in sealing" the Geosteering Updates.

Further, no countervailing public interest counsels against sealing the records. A public interest is at its height "when public safety is implicated," and especially in class actions, which involve "the interest[s] of a broader public outside of the named parties." *Kondash*, 767 F. App'x at 637. While the present case is a putative class action, it does not invoke any of these "interests of public health and safety" that would outweigh Defendant's "compelling interest" in maintaining a trade secret. *Id.* There is little benefit to the public—if any—in disclosing the data Defendant uses to steer wellbores. Nor will the sealing of these few technical documents obscure the overall evidentiary record on which the parties and the Court will base their reasoning.

As a third and final consideration, Defendant must also demonstrate that it has narrowly tailored the request to address only its compelling interest in sealing. *Shane Grp.*, 825 F.3d at 305–06. To meet the exacting standard for sealing, movants should generally redact only the objectionable portions of documents rather than seal them in their entirety. However, the Court is satisfied that Defendant has met its burden to "analyze in detail" the matter to be sealed here. *Id.* at 305. Each Geosteering Update contains two pages of technical data—the very data that Defendant wishes to preserve as a trade secret. Defendant cannot effectively redact these documents. Therefore, the Court finds that Defendant's request to fully seal the four Geosteering Updates is sufficiently narrow.

### 2. Lease Exchange Agreement

Defendant also seeks to redact sensitive financial information from its Lease Exchange Agreement with Ascent Resources-Utica, LLC. For the same reasons as above, the Court is satisfied that Defendant has met the burden for sealing. First, Defendant derives an economic benefit from its competitors not having the pricing terms of the Lease Exchange Agreement, and it has taken measures to keep these terms secret. (Doc. 394 at 3). Moreover, no public interest outweighs Defendant's compelling interest in maintaining the secrecy of the specific pricing terms.

Plaintiffs argue no compelling interest exists here, and Defendant has simply recited the Agreement's confidentiality as a reason to seal: "[t]he fact that [Defendant] and Ascent agreed to keep the terms confidential is of no consequence in considering whether the Agreement should be filed under seal." (Doc. 393 at 5). That is not true. Because "only trade secrets . . . are typically enough to overcome the presumption of access," Defendant must establish a measure of secrecy in order to meet the exacting standard for sealing. *Shane Grp.*, 825 F.3d at 308. Defendant does not derive an economic benefit from the pricing information in itself, but only insofar as that

information remains secret.  Therefore, the independent economic value *and* the confidentiality, taken together, comprise Defendant's compelling interest in redacting the pricing terms. Defendant has established a compelling interest, and no countervailing public interest weighs against the redactions.

As above, Defendant must also demonstrate narrow tailoring.  Here, Defendant proposes redacting only the pricing terms, "one paragraph of the nine page agreement," and leaving the remainder intact.  (Doc. 394 at 3).  That qualification meets the Court's high standard for sealing.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File Documents Under Seal (Doc. 386) is **GRANTED**.  Defendant is **ORDERED** to file redacted exhibits consistent with this Opinion and Order within seven (7) days.

IT IS SO ORDERED.

Date:  February 16, 2022                         /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE