IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**J&R PASSMORE, LLC, et al.,**

  **Plaintiffs,**

  v.

**RICE DRILLING D, LLC, et al.,**

  **Defendants.**

Case No. 2:18-cv-1587
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Documents Under Seal. (Doc. 398). Plaintiffs move to file certain supporting documents for their reply in support of class certification under seal. Because at the time of filing Plaintiffs had not conferred with all Defendants regarding requests to declassify the documents at issue (*id.* at 1 n.1), the Court ordered a status report after the parties conferred. (Doc. 402). The parties agreed to declassify several proposed exhibits, leaving only eleven documents sought to be filed under seal. (Doc. 409). For the following reasons, the Motion is **GRANTED**.

**I. STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court

record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted).  "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted).  Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted).  If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).  The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.).  The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify

2

nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. DISCUSSION

Plaintiffs move to seal eleven documents which make up a single exhibit supporting their Motion to Certify Class. The documents are spreadsheets containing revenue and expense information related to well leases. (Doc. 398 at 2). The parties agree the information is confidential. (Doc. 409 at 1–2).

To overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate the three elements laid out in *Shane Group*: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637. Trade secrets are a "recognized exception to the right of public access to judicial records." *Brown & Williamson*, 710 F.2d at 1180. With respect to the *Shane Group* analysis, the existence of a trade secret will generally satisfy the first "compelling interest" element. *Kondash*, 767 F. App'x at 638.

A trade secret is information from which the holder "derives independent economic value . . . from [its] not being generally known to . . . others" and which "is the subject of efforts . . . to maintain its secrecy." *Handel's Enters., Inc. v. Schulenberg*, 765 F. App'x 117, 122 (6th Cir. 2019). Ohio has formulated a list of six non-dispositive factors to help determine the existence of a trade secret:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

3

*Id.*

Upon *in camera* review of the documents, the Court finds they contain sensitive financial information about the revenue and expenses generated at various wells. The Court further finds that this type of "explicit financial data including a company's costs" rises to the level of trade secret. *Kondash v. Kia Motors Am., Inc.*, No. 1:15-cv-506, 2018 WL 770418, at *5 (S.D. Ohio Feb. 7, 2018) (quoting *Nelson v. Nissan N. Am., Inc.*, No. 11-5712, 2014 WL 12617593 at *4 (D. N.J. Dec. 22, 2014)). Significantly, these figures are unlikely to be known to those outside the business and are protected by the well owners and the companies with whom they chose to enter contracts. Accordingly, the Court finds that there is a compelling interest in sealing the records.

Further, no countervailing public interest counsels against sealing the records. A public interest is at its height "when public safety is implicated," and especially in class actions, which involve "the interest[s] of a broader public outside of the named parties." *Kondash*, 767 F. App'x at 637. While the present case is a putative class action, it does not invoke any of these "interests of public health and safety" that would outweigh the parties' "compelling interest" in maintaining a trade secret. *Id.* There is little benefit to the public—if any—in disclosing the revenue and expense data. Nor will the sealing of these documents obscure the overall evidentiary record on which the parties and the Court will base their reasoning. Indeed, these documents make up only one of fifty-one exhibits to Plaintiffs' Motion to Certify Class.

As a third and final consideration, Plaintiffs must also demonstrate that it has narrowly tailored the request to address only their compelling interest in sealing. *Shane Grp.*, 825 F.3d at 305–06. To meet the exacting standard for sealing, movants should generally redact only the objectionable portions of documents rather than seal them in their entirety. However, the Court is satisfied that Plaintiffs cannot effectively redact these documents. Line by line, each spreadsheet

4

contains the financial data that Plaintiffs wish to preserve as a trade secret.  Therefore, the Court finds that Plaintiffs' request to fully seal the eleven documents is sufficiently narrow.

Finally, the Court notes that the parties have agreed to declassify a few documents previously at-issue in the Motion for Leave to File Documents Under Seal if redactions of "personal employee information such as telephone numbers and email addresses" are made.  (Doc. 409 at 2 n.1).  Because redactions are themselves a form of sealing, the Court briefly considers the proposed redactions.  First, the parties have a compelling interest in protecting the personal contact information of their employees, particularly to the extent that those employees are not themselves parties to this litigation.  Second, the right to privacy for these third parties outweighs any interest the public may have in accessing the information.  And finally, because the parties seek to redact only this contact information, the proposed redactions are narrowly tailored to serve their compelling interest.  In sum, the redactions agreed to by the parties are approved by the Court.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Documents Under Seal (Doc. 398) is **GRANTED**.  Plaintiffs are **ORDERED** to file the declassified, redacted, and sealed exhibits consistent with this Opinion and Order within seven (7) days.

IT IS SO ORDERED.

Date:  March 1, 2022  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE