IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J&R PASSMORE, LLC *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:18-cv-01587 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| RICE DRILLING D, LLC *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff's Emergency Order to Stay the Magistrate Judge's October 15, 2021 Opinion and Order (ECF No. 357), Plaintiff's Objection to the Magistrate Judge's Discovery Opinion (ECF No. 373), and Plaintiff's Emergency Motion to Stay an Order (ECF No. 374). For the following reasons, this Court **AFFIRMS** the Magistrate Judge's orders (ECF Nos. 356; 363; 372), **DENIES** Plaintiffs' Emergency Motions to Stay (ECF Nos. 357; 374), and **OVERRULES** Plaintiffs' Objections (ECF No. 373).

I.  BACKGROUND

These motions arise out of a discovery dispute. On October 15, 2021, the Magistrate Judge issued an opinion ordering: (1) Plaintiffs to produce the unredacted minutes and emails Sherrie Passmore, Plaintiff J&R Passmore, LLC's corporate representative, used to prepare for her deposition by October 18, 2021; and (2) Plaintiffs' Counsel, Craig Wilson, to comply with Defendants' subpoena seeking un-produced, non-privileged documents and communications he used during the depositions of Defendants' witnesses by October 22, 2021. (ECF No. 356). The documents, Defendants argue, contain pertinent information about Mr. Wilson's involvement in the original lease negotiations. (ECF No. 380 at 2–3). In response, Plaintiffs filed an Emergency

1

Motion to stay the effect of the October 15, 2021 Order, arguing that: (1) Ms. Passmore only relied upon one meeting minute to refresh her recollection during the deposition and that it had already been produced to defendants; and (2) all but one of the documents Mr. Wilson relied upon in Defendants' witness depositions were turned over in discovery. (ECF Nos. 357; 358 at 1–3). Plaintiffs argue that the one letter they failed to provide in discovery was prepared by Rice's parent company EQT and would have already been in Defendants' possession. (ECF No. 358 at 13). Further, Plaintiffs allege that the Defendants' subpoena is a fishing expedition and producing an associated privilege log would be an undue burden on Mr. Wilson. (*Id.* at 15–16).

Following a status conference, the Magistrate Judge stayed briefing on Plaintiff's Emergency Motion to Stay (ECF No. 357), ordered the parties to meet and confer regarding the scope of production sought from Mr. Wilson's files, and extended the deadline for Mr. Wilson to comply with the subpoena to October 29, 2021. (ECF No. 363). Despite conferring, the parties were unable to agree to the appropriate production for the meeting minutes and Topics 1 and 10 of Defendants' subpoena, which included "all documents and communications related to negotiation of leases with any defendant in Belmont County from 2010 and 2015" and a privilege log. (ECF Nos. 367; 369). The parties agreed to an extension to November 2, 2021 to continue negotiations. (ECF No. 269).

On October 29, 2021, the Magistrate Judge issued an order clarifying that Plaintiffs were to produce the unredacted meeting minutes Ms. Passmore relied on from May 26, 2012 to January 5, 2014 to Defendants, with the an "Attorneys' Eyes Only" designation. (ECF No. 372 at 5). The portions of the meeting minutes Plaintiffs attempted to redact when they initially turned over the meeting minutes involved the leases at-issue. (*Id.* at 4). The Magistrate Judge distinguished between the materials Ms. Passmore acknowledged that she used to prepare for her testimony and

2

that which she actually relied upon during the deposition. (*Id.* at 3). The Magistrate Judge reasoned that despite containing privileged attorney-client communications, Ms. Passmore, a Federal Rule of Civil Procedure 30(b)(6) witness, waived that privilege when she relied upon those communications to inform her testimony. (*Id.*). Given that Rule 30(b)(6) witnesses are often required to testify to information beyond their personal knowledge, the Magistrate Judge explained that their testimony is informed by sources the witness reviews, which it would be fundamentally unfair to withhold from the adverse party. (*Id.* at 3).

On October 29, 2021, Plaintiffs filed Objections to the Magistrate Judge's Opinion & Orders. (ECF No. 373). Plaintiffs allege that: (1) the orders, which required a one business day turnaround of the discovery, deprived them of due process; (2) the *Shelton* test, providing discovery protections to trial counsel, should apply to Mr. Wilson; (3) the documents that Defendants sought were either produced in discovery or available through third party or public sources; (4) this was a backdoor attempt by Defendants to access documents related to Plaintiffs' litigation strategy; and (5) production of the subpoenaed documents required Mr. Wilson to review and privilege log about 200 client files, made up of 16,000 documents. (*Id.* at 5–15).

On November 2, 2021, Plaintiffs filed another Emergency Motion to Stay the Magistrate Judge's pending orders, after the parties were unable to come to agreement on Topics 1 and 10 sought in Defendants' subpoena. (ECF Nos. 374 at 2; 375). Plaintiffs repeated their concerns that turning over Mr. Wilson's client files as requested by Topic 1 would breach attorney-client confidentiality and would cause irreparable harm to Plaintiffs. (ECF No. 374 at 3–5). Defendants respond that: (1) Mr. Wilson was listed as the custodian to the documents he used during the deposition; (2) they only sought non-privileged documents related to his involvement in the original lease negotiations; (3) Rice repeatedly offered compromises to reduce the burden on

3

Plaintiffs when conferring on the subpoena, but Plaintiff refused to engage meaningfully; (4) Plaintiffs put Mr. Wilson's files at issue by using them in depositions; and (5) Defendants had an interest in discovery that bears on the merits of the case. (ECF No. 376 at 2–10). Plaintiffs added in their reply that: (1) Defendants only sought these documents from Mr. Wilson because third parties refused to respond to discovery subpoenas; and (2) documents related to the negotiations of leases for Mr. Wilson's other clients were inherently privileged. (ECF No. 378 at 4, 9).

The parties also filed responsive briefings to Plaintiffs' Objections to the Magistrate Judges' discovery orders. (ECF No. 380; 381). Defendants allege that this Court need not reach the merits of Plaintiffs' motions because: (1) Plaintiffs lack standing to object to a third-party subpoena seeking non-privileged information; and (2) Mr. Wilson has failed to produce the required privilege log, waiving any alleged privilege. (ECF No. 380 at 9–10). Additionally, Defendants reassert that the *Shelton* framework does not apply because Mr. Wilson could be an underlying fact witness and they do not seek documents related to trial strategy. (*Id.* at 15–16). Plaintiffs' reply focused on Defendants' failure to follow formal procedure and file a motion raising this issue with the Magistrate Judge, instead of the email they sent notifying her of the discovery dispute. (ECF No. 381 at 4). Additionally, Plaintiffs added that because Defendants seek privileged documents, Plaintiffs do have standing to challenge the subpoena. (*Id.* at 14–17).

## II. STANDARD OF REVIEW

A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Dayco Products, Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992). Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §

636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed. R. Civ. P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

A party requesting a stay of discovery production must show: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; [and] (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### III.   LAW & ANALYSIS

#### A.  Sherrie Passmore's Review of Meeting Minutes and Emails

Federal Rule of Evidence 612 permits a court to require production of a writing used to refresh a witness' memory if justice so requires, both before and during testifying. Fed. R. Evid. 612(a); *Antero Resources Corp. v. Tejas Tubular Products, Inc.*, 516 F. Supp. 3d 752, 753 (S.D. Ohio 2021); *United State v. Life Care Centers of Am., Inc.*, 2015 WL 10987030, at *3 (E.D. Tenn. Apr. 29, 2015). Even though Rule 612 is an evidence rule, it has been found to apply to deposition testimony. Fed. R. Civ. P. 30(c)(1); *Arrowood Indem. Co. v. The Lubrizol Corp.*, No. 1:10-CV-

5

2871, 2015 WL 12734892, at *2 (N.D. Ohio Mar. 31, 2015). To apply Rule 612 to a discovery dispute, a Court must first consider whether the witness used the at-issue documents for "testimonial" purposes. A witness uses a document for testimonial purposes when the witness uses the document to refresh memory for the purposes of testifying. *Antero Resources Corp.*, 516 F. Supp. 3d at 753–54.

Federal Rule of Civil Procedure 26(b) governs the work product exceptions to discovery, establishing that, in most cases, a party "may not discover documents . . . that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). While the rule does not "bar[ ] the assertion of privilege with respect to writings used by a witness to refresh his memory," *see* Fed. R. Evid. 612(a) 1974 advisory committee notes cmt, it does not "expressly exempt privileged matter[s] from disclosure" either. *Life Care Ctrs. of Am.*, 2015 WL 10987030, at *3 (quoting *Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 452 (W.D. Mich. 1989)). When evidentiary Rule 612 and civil procedure Rule 26(b) must be examined simultaneously, a court must consider the "conflict between the policies underlying the work product doctrine and the concept of free and well informed cross-examination as an assistance to the ascertainment of the truth, which is the policy underlying Rule 612." *In re Comair Air Disaster Litig.*, 100 F.R.D. 350, 353 (E.D. Ky. 1983). While some courts have concluded that using a document to refresh a witness's memory waives any privilege with respect to that document, *see Beattie v. CenturyTel, Inc.*, No. 02-10277, 2009 WL 4646116, at *1 (E.D. Mich. Dec. 7, 2009); others require an *in camera* review of the documents to determine if they are indeed privileged or if the interest of justice requires disclosure. *Parry*, 125 F.R.D. at 451. Either approach is acceptable, *see Antero Resources Corp.*, 516 F. Supp. 3d at 754–55 (concluding that the work product defense is waived when the documents are used

6

for testimonial purpose), but an *in camera* review provides a "belts and suspenders" approach. Therefore, this Court finds that the latter approach is preferrable.

Finally, special consideration should be taken when the witness testifying is a Federal Rule of Civil Procedure 30(b)(6) witness. This provision allows entities noticed or subpoenaed for deposition to designate a corporate representative to testify on the entity's behalf. Fed. R. Civ. P. 30(b)(6). Because Rule 30(b)(6) witnesses often testify to a corporation's actions, of which they may have limited or no personal knowledge, they must often review corporate documents. Therefore, the opposing party has a right to review those documents. *See, e.g.*, *Cox v. Franklin Cty. Bd. of Comm'r*, No. 2:18-cv-1631, 2019 WL 6711388, at *4 (S.D. Ohio Dec. 10, 2019) (internal citations omitted) (ordering production where the witness could not fully explain relevant facts without the refreshing documents); *Nutramax Lab., Inc. v. Twin Laboratories Inc.*, 183 F.R.D. 458, 469 (D. Md. 1998) ("it would be unfair to permit the Government to designate a Rule 30(b)(6) witness and use certain documents to prepare him, while at the same time have the witness be effectively exempt from Rule 612 due to his lack of personal knowledge"); *Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06-CV-2622, 2008 WL 495781, at *4 (N.D. Ohio Feb. 22, 2008) (quoting *Nutramax*, 183 F.R.D. at 469) ("'[T]here is a greater need to know what materials were reviewed by expert and designee [i.e., 30(b)(6)] witnesses in preparation for deposition since the substance of their testimony may be based on sources beyond personal knowledge.'").

Ms. Passmore testified that she reviewed "probably dozens" of "sets of minutes" from May 26, 2012 to January 5, 2014 to prepare for her deposition. (ECF Nos. 371 at 9:14–25; 371-1, ¶ 4). Despite Plaintiffs' argument that Ms. Passmore only referenced one set of meeting minutes during her actual deposition, Rule 612 gives this Court the authority to order discovery production of documents reviewed "before testifying" if it is in the interest of justice. Fed. R. Evid. 612(a)(2).

7

Here, the Magistrate Judge correctly conducted an *in camera* review of the at-issue meeting minutes to weigh the balance of interests. *In re Comair Air Disaster Litig.*, 100 F.R.D. at 353; ECF No. 372. Despite the presence of attorney-client communications, the meeting minutes provided information on discussions that had happened many years in the past and pertained directly to the at-issue leases and mineral rights—the subject of the litigation. (*Id.* at 4–5). Therefore, these documents were necessary to the accuracy of Ms. Passmore's deposition testimony and their disclosure advances the interest of justice of this litigation. Finally, Plaintiff did not demonstrate a strong showing that they are "likely to succeed on the merits, *see Hilton*, 481 U.S. at 776, because they waived the requirements to assert the work product privilege—failing to meet prong one of the test justifying a stay of the Magistrate Judge's orders.

The Magistrate Judge's conclusions were not "clearly erroneous" nor "contrary to law," but were well supported by precedent. Therefore, the Magistrate Judge did not err. Plaintiffs must provide to Defendants the unredacted meeting minutes from May 26, 2012 to January 5, 2014 that Ms. Passmore used to prepare for her deposition, except for the redactions unrelated to the litigation as set out in the Magistrate Judge's October 29, 2021 Order. (ECF No. 372).

### B. Craig Wilson's Files

#### 1. Standard of Review

The trial court has broad discretion to determine the proper scope of discovery. *Kokosing Const. Co. v. RLI Ins. Co.*, No. 2:07-CV-265, 2008 WL 619359, at *1 (S.D. Ohio Mar. 3, 2008) (citing *Lewis v. ACD Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Federal Rule of Civil Procedure 45 provides that a party may command a nonparty to produce documents but an issuing court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R.

8

Civ. P. 45(a)(1); (c)(2)(A)(iii)–(iv). Under Rule 45, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal quotation marks omitted). The party issuing a subpoena, however, must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Whether a subpoena imposes an "undue burden" is a case-specific inquiry which depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).

### 2. Process

In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion as a district judge, and her order is overruled only if the district court finds an abuse of discretion. 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n. 20 (2d ed. 1997 & Supp. 2010). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 647 (6th Cir. 1993). In the Southern District of Ohio, after the parties have exhausted extrajudicial means in attempting to resolve a discovery dispute, a party may first seek an informal conference with the Judge supervising discovery in lieu of filing a motion under Federal Rules of Civil Procedure 26 or 37. S.D. Ohio Civ. R. 37.1.

As a threshold matter, this dispute was properly before the Magistrate Judge. In compliance with that rule, Defendants reached out to the Magistrate Judge to notify her of the ongoing discovery dispute, and the Magistrate Judge ordered letter briefing on the issue. (ECF Nos. 348; 349). Both parties were heard prior to the Magistrate Judge issuing the order for Plaintiffs to

9

comply with the discovery requests and subpoena. (ECF No. 356). The Magistrate Judge did not err in taking these steps. Plaintiffs suggest that the order was premature because Defendants had failed to comply with the exhaustion requirements of Federal Rules of Civil Procedure 26 and 37. (ECF No. 381 at 5). Plaintiffs read into Rule 37 a mandatory requirement that parties formally move to compel discovery, but the language of the rule states simply that a party "may" move for an order compelling disclosure after attempting extrajudicial negotiations. The parties did not need to reach that stage because the matter was resolved by that Magistrate Judge within her broad discretion to resolve nondispositive discovery disputes. *Dayco Products, Inc.*, 142 F.R.D. at 454.

### 3. Standing

A party generally lacks standing to seek to quash a subpoena issued to a nonparty, except where the party has a claim of privilege with respect to the material being sought by the subpoena. *Hendricks*, 275 F.R.D. at 253. But a mere claim of personal right or privilege does not automatically confer standing. Indeed, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *Ajuba Int'l, LLC v. Saharia*, No. 1:11-CV-12936, 2014 WL 4793846, at *2 (E.D. Mich. Sept. 25, 2014). To meet that heavy burden, the movant must make more than "conclusory" assertions of an interest or privilege. *See Hamm v. Cunningham*, No. 1:12-CV-124, 2012 WL 13027079, at *1 (N.D. Ohio May 16, 2012) (finding that "conclusory" assertions of confidentiality failed to satisfy heavy burden of proof). Without standing, a party may not challenge the subpoena on any ground, including undue burden or relevance. *Riding Films, Inc. v. John Does 129–193*, No. 2:13-CV-46, 2013 WL 3322221, at *6 (S.D. Ohio July 1, 2013). "Personal rights or privileges supporting a claim to standing 'have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records.'" *Riding Films,*

*Inc. v. John Does 129-193*, No. 2:13-CV-46, 2013 WL 3322221, at *4 (S.D. Ohio July 1, 2013) (quoting *Waite*, 2013 WL 146362, at *5).

Plaintiffs have standing to challenge the subpoena issued to Mr. Wilson, because standing requires a "personal right or privilege with regard to the documents sought." *Waite, Schneider, Bayless & Chelsey Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013). Plaintiffs claim privilege with regard to "all documents and communications related to the negotiation of leases that were entered into with any of the defendants in the above-captioned case and that lease land in Belmont County, Ohio," from January 1, 2010 to January 1, 2015. (ECF No. 378 at 7). Named Plaintiff J&R Passmore was a client of Mr. Wilson's as early as 2014 (ECF No. 381 at 10–11), meaning the requested documents could include privileged communications between Passmore and Mr. Wilson. As such, Plaintiffs can exert client-attorney privilege. *Compare Allen Cnty. Bar Ass'n v. Williams*, 766 N.E.2d 973, 974 (Ohio 2002) ("The privilege belongs not to the attorney but to the client.") *with TERA II, LLC v. Rice Drilling D, LLC*, 2:19-cv-2221, 2022 WL 1114943, at * 2 (S.D. Ohio Apr. 12, 2022) (plaintiffs lacked standing when challenging a subpoena to third party for communications between that third party and Plaintiffs' counsel because the privilege was reserved to the third party, not plaintiffs' counsel nor plaintiffs).

### 4. Shelton Test

Given that the subpoena seeks documents from Mr. Wilson's client files, this case presents the unique situation that the *Shelton/Nationwide* test was intended to prevent. When a party's counsel is subpoenaed, the movant must show that: "(1) no other means exist to obtain the information . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).

11

This test, however, does not automatically apply when opposing counsel is subpoenaed. This test applies only: "(1) when trial or litigation counsel are being deposed and (2) when such questioning would expose litigation strategy in the pending case." *Massillon Mgmt, LLC v. Americold Realty Trust*, 5:08-CV-0799, 2009 WL 612831, at *3 (N.D. Ohio Jan. 21, 2009) (quoting *Ellipsis, Inc. v. Color Works, Inc.*, 227 F.R.D. 496, 497 (W.D. Tenn. 2005)).

There is no question that Mr. Wilson is Plaintiff's litigation counsel. The *Shelton* test, however, does not apply to this scenario because Defendants do not seek information that would expose litigation strategy in the pending case. A review of past decisions proves instructive. For example, in *Alomari v. Ohio Dep't of Pub. Safety*, the Sixth Circuit affirmed the district court's ruling that the *Shelton* test applied where Plaintiffs sought to depose Defendants' in-house counsel who gathered documents and conducted the investigation leading to Plaintiff's employment termination. 626 Fed. App'x 558, 573–74 (6th Cir. 2015). Conversely, in *Chesemore v. Alliance Holdings, Inc.*, the Court concluded that the *Shelton* test did not apply to two attorneys Plaintiffs sought to depose who had acted as transactional counsel for Alliance in connection with a sale and spin off, which formed the basis for the underlying lawsuit. No. 1:11-MC-43, 2011 WL 4458782, at *2 (N.D. Ohio Sep. 23, 2011). This case is more analogous to *Chesemore* than it is to *Alomari*. Plaintiffs, themselves, argue that Mr. Wilson merely "was in the room" during meeting with the Emens law firm that advised the Smith-Goshen landowners' group when they negotiated the at-issue oil and gas leases with Defendant Rice. Even though Mr. Wilson is now litigation counsel to Plaintiff's, at most, he played a transactional role at the time of the negotiation of the leases. Further, Plaintiffs fail to allege any facts that indicate that Mr. Wilson anticipated litigation at the time of the negotiations or that any of his client files prior to 2015 contain work product prepared in anticipation of this litigation, which was not commenced until 2018.

This Court does not ignore that some, if not many, of the documents in these client files fall under the umbrella of attorney-client privilege. Where that is the case, pursuant to Topic 10 of the subpoena, a privilege log can be turned over instead. The privilege log, however, should include detailed bases for claiming privilege, not mere conclusory statements. *See McNeil v. Mount Carmel Health System*, 2:20-cv-258, 2021 WL 422689, at *2–3 (S. D. Ohio Feb. 8, 2021) (discussing the work-product standard and privilege logs). This litigation, however, revolves around the at-issue Reservation Clause and the associated depth restrictions on Defendants' drilling. Therefore, Defendants do not need to access, nor is Mr. Wilson required to provide, client files on negotiated leases that do not have depth restrictions. (ECF No. 378 at 8).

Defendants' request does not impose an "undue burden" on Mr. Wilson. These documents are highly relevant to the understanding of the terms Utica Shale and Point Pleasant formation at the time of the lease negotiations. Mr. Wilson evidently has access to these documents because he used them during Defendant witness' depositions. Further, this Court limits the parameters of Topic 1 of the subpoena to only those documents and communications associated with lease negotiations with defendants that have depth restrictions. *See Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (when assessing "undue burden" courts should consider such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed). Since this filing, Plaintiffs have filed a Motion for Class Certification (ECF No. 382), arguing that the class is easily identifiable based on a review of leases with Reservation Clauses. It is not an undue burden to Mr. Wilson to identify which of his clients have that same Reservation Clause. Therefore, the Magistrate Judge did not err in her orders nor were these conclusions contrary to law.

## C. CONCLUSION

For the foregoing reasons and for good cause shown, this Court **AFFIRMS** the Magistrate Judge's orders (ECF Nos. 356; 363; 372), **DENIES** both of Plaintiffs' Emergency Motions to Stay (ECF Nos. 357; 374), and **OVERRULES** Plaintiffs Objections (ECF No. 373).

Plaintiffs are **ORDERED** to provide to Defendants the unredacted meeting minutes from May 26, 2012 to January 5, 2014 that Ms. Passmore used to prepare for her deposition, except for the redactions unrelated to the litigation as set out in the Magistrate Judge's October 29, 2021 Order (ECF No. 372). Plaintiffs' Counsel, Mr. Wilson, is **ORDERED** to provide to Defendants all documents and communications from his files related to the negotiation of leases with depth restrictions that were entered into with any of the defendants in Belmont County, Ohio from the period of January 1, 2010 to January 1, 2015 and an associated privilege log. Plaintiffs and Mr. Wilson must comply with this order no later than **April 14, 2023**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  March 24, 2023**