IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**J&R PASSMORE, LLC, et al.,**

    **Plaintiffs,**

    v.                                                  Civil Action 2:18-cv-1587
                                                         Chief Judge Algenon L. Marbley
                                                         Magistrate Judge Kimberly A. Jolson

**RICE DRILLING D, LLC, et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Class Action First Amended Complaint (Doc. 458). In their current Motion, Plaintiffs seek to add two wells to their complaint: the Iron Warrior 4 Well and the Conway 211396 6A well. (Doc. 458 at 7; Doc. 461 at 1). Defendants oppose the Motion, arguing that Plaintiffs failed to show diligence, their claims are futile, and an amendment will unduly prejudice them. But for the following reasons, Plaintiffs' Motion (Doc. 458) is **GRANTED**.

**I.    STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the court may consider various factors, such as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Plaintiffs have moved to amend after the deadline for amendment, the Court must also consider "the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiffs must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003).

## II. DISCUSSION

This action was filed over four years ago and concerns mineral and drilling rights for numerous pieces of property in Belmont County, Ohio. (Doc. 82 at 1; *see also* Doc. 437 (describing the events giving rise to this action)). Relevant here, on March 28, 2023, the Court denied Plaintiffs' motion for class certification. (Doc. 437). Since then, the parties have fully briefed motions for summary judgment, and oral argument is set for March 6, 2024. (*See* Docs. 443, 444, 445, 447, 450, 451, 452, 453, 454, 455, 456, 457). During briefing on these motions, Defendants noted that the Iron Warrior 4 and Conway 211396 6A wells were not included in Plaintiffs' amended complaint, although Plaintiffs discussed them in their own summary judgment briefing. (Doc. 458 at 6; *see also* Doc. 452 at 3). Now, Plaintiffs seek to amend their complaint to "clarify" that these two wells are at issue in this case. (Doc. 458 at 1).

Plaintiffs justify their delayed amendment in two ways. First, they say that the Conway 211396 6A well did not go into production until 2020, so this well could not have been timely added before their deadline to amend in August 2019. (*See* Doc. 460 at 2; Doc. 50). Second, Plaintiffs say that both wells would have been included in their claims had class certification been

granted.  (*See* Doc. 463 at 3–4).  Plaintiffs further assert that no additional discovery is needed because the wells were covered by class discovery efforts.  (Doc. 461 at 2–3).  Defendants respond that Plaintiffs have not acted diligently as Rule 16(b) requires and that amendment would be futile.  (*See generally* Docs. 460, 464).  Defendants also argue that since the parties have fully briefed their motions for summary judgment, undue prejudice will result if Plaintiffs are allowed to amend their complaint at this time.  (*Id.* at 12–13).

While the Court agrees that Plaintiffs were not perfectly diligent, they were diligent enough to satisfy Rule 16(b), and Defendants' other arguments are not persuasive.  Considering the overall progression of the case, the nature of Plaintiffs' amendment, and the relative lack of prejudice, the Court finds that amendment is warranted here.  Because it is a higher bar, the Court addresses Rule 16 first and then turns to Rule 15.

The touchstone of the Rule 16 inquiry is whether a party has been diligent in seeking leave to amend.  *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio 2007).  Diligence can be established when the information supporting an amendment is not disclosed until after the amendment deadline set in the scheduling order.  *Id.*  Still, a plaintiff's "possession of relevant information prior to the amendment deadline is only one factor 'tending to show a lack of diligence.'"  *Landstar Ranger, Inc. v. The City of Delaware*, No. 2:22-cv-02008, 2022 WL 7322274, at *3 (S.D. Ohio Oct. 13, 2022) (quoting *NOCO Co. v. Lapidus*, No. 21-cv-900, 2022 WL 1803039, at *2 (N.D. Ohio June 2, 2022)).  Also, amending a complaint to cure pleading deficiencies is "entirely proper," even if motions for summary judgment have already been briefed.  *Id.; see also Rover Pipeline LLC v. Zwick*, No. 2:19-cv-4698, 2021 WL 2665501, at *3 (S.D. Ohio June 29, 2021) (finding plaintiff established good cause under Rule 16(b) when they moved to amend their complaint after defendants raised issues in briefing on summary judgment motions).

Notably, "[t]he spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors." *Slay v. IB Travelin*, Inc., No. 2:18-cv-02728, 2021 WL 2144333, at *5 (W.D. Tenn. May 26, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

Despite Defendants' arguments, the facts here do not establish a total lack of diligence on Plaintiffs' part. Plaintiffs were given only one deadline to amend their complaint back in August 2019. (*See* Doc. 50). Yet, as both parties note, the Conway 211396 6A well did not go into production until 2020. (Doc. 460 at 2; Doc. 463 at 3). And Plaintiffs also say that had class certification been granted in this case, both wells would have been included in the respective class. (Doc. 463 at 2–3). But the Court denied Plaintiffs' motion for class certification in March 2023, and although a revised case schedule was set after the denial of class certification, no amendment deadline was added. (*See* Doc. 437 at 41–42; Doc. 440). Plaintiffs also filed their motion to amend less than three months after Defendants notified the Court that the amended complaint did not include these two wells. (*See* Doc. 458; Doc. 452 at 2–3). This timeline establishes sufficient diligence to satisfy Rule 16(b). *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio July 16, 2021) (finding that although the parties disputed when the information underlying the amendment was discovered, "the timeline show[ed] that Plaintiff was diligent enough") (internal quotation omitted)).

Turning to Rule 15, Defendants also say they will be unduly prejudiced by this amendment because they did not address these two wells in their summary judgment briefing. (Doc. 460 at 12–13). Although "another round of motion practice" may be inconvenient, "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend," because Plaintiffs seek to add only two wells, not entirely new claims. *Blue Fire Capital, LLC v. Pies and*

*Pints Development Partners, LLC*, No. 2:20-cv-2982, 2020 WL 11886041, at *2 (S.D. Ohio Aug. 21, 2020) (quoting *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002)). Importantly, due to the amendment's narrow scope, the parties have enough time to supplement their briefing for summary judgment before the Court hears oral arguments. More still, Defendants have not disputed Plaintiffs' representation that no further discovery would be needed if these two wells were added. (*See generally* Docs. 460, 464). As such, the proposed amended complaint "will not require Defendants to expend significant additional resources to conduct discovery and prepare for trial." *Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-cv-1366, 2019 WL 3975447, at *13 (S.D. Ohio Aug. 22, 2019) (internal quotations omitted). Therefore, Defendants' undue prejudice arguments are not well-taken.

Defendants also argue that adding these wells is "futile." (Doc. 460 at 7–11). Yet Plaintiffs' claims have survived previous motions to dismiss, and adding two wells does not significantly change the nature of those claims. (*See generally* Docs. 69, 82). Accordingly, the Court cannot say the amendment would be "obviously futile." *Rover Pipeline LLC*, 2021 WL 2665502, at *4. In this case, the better course is to permit Plaintiffs to file their amended complaint and to allow the parties to address the merits in supplemental motions for summary judgment. *See Manns v. PHH Mortgage Serv.*, 2:22-cv-3507, 2023 WL 2705066, at *3 (S.D. Ohio Mar. 29, 2023) ("Finally, while PHH is correct that futility can constitute sufficient grounds to deny leave to amend, the Court is not persuaded that denying leave to amend on this basis is appropriate here. Because denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim, this Court has recognized the conceptual difficulty presented when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.") (internal quotations omitted). In sum, the Court

finds that Defendant's arguments do not overcome the liberal policy in favor of amendment, and any prejudice can be prevented through the amended summary judgment briefing schedule outlined below.  Plaintiff's Motion (Doc. 458) is therefore **GRANTED.**

### III.    CONCLUSION

Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 458) is **GRANTED**, and Plaintiffs are **ORDERED** to file their amended complaint **by January 12, 2024**.  The parties are also **ORDERED** to file their supplemental Motions for Summary Judgment according to the following schedule:

- The parties' supplemental Motions for Summary Judgment are due on **January 31, 2024**.  In the motions, the parties are **DIRECTED** to address only claims related to the Iron Warrior 4 well and the Conway 211396 6A well.  Said differently, this additional round of motions practice is not an opportunity to expand upon other arguments in the case.
- Any response to a supplemental motion is due **fourteen days** after the filing of the amended motion.
- No replies will be allowed without leave from the Court.

IT IS SO ORDERED.

Date:  January 10, 2024              /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE